**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IVONNE MONSERRATH SOLIS PALACIOS, | ) ) ) |
| Petitioner, | ) ) |
| v. | )   Case No. CIV-26-575-D ) |
| WARDEN DIAMONDBACK CORRECTIONAL FACILITY, et al., | ) ) ) |
| Respondents. | ) ) |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Ivonne Monserrath Solis Palacios, a noncitizen[1] and Ecuadorian national

proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1,

challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs

Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this

matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-

(C). On February 23, 2026, Petitioner also filed an Ex Parte Application for Temporary

Restraining Order ("Motion") seeking to prevent Respondents from transferring her out of

this District during the pendency of these proceedings. Doc. 3. The undersigned set an

expedited briefing schedule on both the Petition and the Motion, Doc. 7, and they are at

issue. For the reasons set forth below, the undersigned recommends that the Court grant

the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

pursuant to 8 U.S.C. § 1226(a) within five business days at which the government bears the burden of proof or otherwise to release her if there is no hearing within that time. Further, the undersigned recommends the Court deny Petitioner's Motion, Doc. 3, as moot.

## I.    Background

Petitioner, a citizen of Ecuador, entered the United States at or near San Luis, Arizona on or about November 29, 2022. Pet. at 4; Doc. 1-1 at 5 (Notice to Appear). On November 29, 2022, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear and charged her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 1-1 at 5; Resp. at 7. The same day, she was released from detention on an Order of Release on Recognizance pursuant to § 1226. Resp. at 7; Doc. 9-2 at 1. Petitioner alleges she has no prior criminal history. Pet. at 5; Doc. 2 at 1.

On January 24, 2026, ICE re-arrested Petitioner at her house in Plainfield, New Jersey. Pet. at 4; Doc. 9-4 (Arrest Warrant for Petitioner). Petitioner alleges ICE was looking for a different person at her residence and after she cooperated with officers and provided identity documents, she was detained. Pet. at 4. Also on January 24, 2026, ICE issued a second Notice to Appear charging Petitioner with being inadmissible (1) under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection and (2) under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as someone not in possession of valid documentation. Doc. 9-3 at 1, 4. Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 1. Petitioner claims she has not been afforded a bond hearing, Pet. at 5, though she does not allege whether she requested a hearing. Such a

request, though, would likely be futile because all immigration judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing. Petitioner further alleges her "health has severely deteriorated" and "she now suffers from severe stress, anxiety, sadness, and has difficulty eating properly." Pet. at 5.

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1-1 at 1. She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited May 5, 2026).

## II.    Petitioner's Claims

Petitioner asserts two counts in her Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges her detention is governed by § 1226(a), which "requires that [she] be afforded a prompt, individualized bond hearing to assess her eligibility for release." Pet. at 7.

- **Count II: Violation of Due Process**. Petitioner alleges her continued detention without an individualized bond redetermination hearing "where the Government has not demonstrated any risk she poses," violates her right to due process. *Id*.

She asks the Court to "grant a writ of habeas corpus ordering Respondents to immediately release [her]," or, alternatively "order Respondents to provide [her] with an immediate bond hearing before an Immigration Judge, at which the Government must prove by clear and convincing evidence that her continued detention is necessary, and at which the Judge must consider the wrongful circumstances of her arrest, her lack of

3

criminal history, the hardship of her dependent family, and alternatives to detention." Pet. at 8.

### III.  Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.  Analysis

#### A.  Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), she is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306

(2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues "her custody is governed by § 1226(a), which provides for discretionary release on bond and requires an individualized custody determination." Pet. at 6. She alleges "Respondents' failure to provide such a hearing is a flagrant violation of statute." *Id.* Respondents contend Petitioner is an "applicant for admission" and properly detained under § 1225(b)(2)(A). Resp. at 2. Further, Respondents claim (1) § 1225(b)(2)(A) is not limited only to noncitizens "arriving" in the United States, and (2) Petitioner's interpretation undermines the purpose of immigration laws. *Id.* at 8-14.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025), the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended. Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *Colin*, 2025 WL 3645176, at *4. "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be superfluous and redundant, and courts should avoid statutory interpretations that make any part of the

5

statute superfluous." *Colin*, 2025 WL 3645176, at *4 (citation modified). The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

Second, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified).

Finally, Petitioner's previous release on her own recognizance under § 1226 in November 2022 also supports application of § 1226(a) to her current detention. *See, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release on recognizance under § 1226 indicates he "was—and continues to be—subject to discretionary detention under § 1226"); *Chen v. Soto*, No. CV 25-17198, 2025 WL 3527239, at *3 (D.N.J. Dec. 9, 2025) (granting habeas relief and ordering respondents to provide a bond hearing for petitioner previously released

on his own recognizance pursuant to § 1226 because previously treating petitioner under § 1226 "defeats respondents' new position that a different statutory provision applies").[2]

In sum, this Court, Chief Judge Palk, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner who had been living in the United States for years and were present in the country when apprehended.[3] This conclusion is also in accord with the Second and Seventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026) (agreeing with Respondents' interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same).

---

[2] Some courts have ordered immediate release for petitioners previously released on their own recognizance. *See, e.g.*, *Salinas v. Woosley*, No. 25-CV-121, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025) (ordering immediate release for petitioner who had previously been released on his own recognizance shortly after entering the United States and requiring a bond hearing if he is later re-arrested and detained under § 1226(a))). The undersigned, though, agrees with those courts deciding the proper relief for a petitioner is a bond hearing under § 1226(a) before an IJ. *See Chen*, 2025 WL 3527239, at *3-4.

[3] *See, e.g., Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026); *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez v. Holt,* No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025); *Colin*, 2025 WL 3645176, at *5. Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a).  *See, e.g.*, *Singh v. Mullin*, No. CIV-26-173-D, 2026 WL 937557, at *1-2 & 2 n.1 (W.D. Okla. Apr. 7, 2026) (recent application by this Court of § 1226(a) to a similarly situated petitioner, noting "the Court finds persuasive the analysis by the Seventh Circuit in *Castañon-Nava*").[4]  The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release her if she does not have a lawful bond hearing within that period.

### B.    Due Process also entitles Petitioner to a bond hearing.

As separate grounds for reaching a bond hearing, the undersigned concludes that because § 1226(a) applies to Petitioner's detention, she is owed the due process provided under the statute.  When "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025).

The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law."  U.S. Const. Amend. V.   It applies to noncitizens within the United States "whether their

---

[4] On April 28, 2026, a Second Circuit panel unanimously held § 1226 applies to noncitizens similarly situated to Petitioner.  *Da Cunha*, 2026 WL 1146044, at *4 (agreeing with the Seventh Circuit and the majority of district courts and finding the analysis in *Avila* and *Buenrostro-Mendez* "unpersuasive").

presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.

In the civil immigration detention context, courts consistently apply the balancing test set

out in *Mathews v. Eldridge*, 424 U.S. 319, (1976), to evaluate the level of process owed a

noncitizen.[5]  *See, e.g., Hernandez-Lara v. Lyons*, 10 F.4th 19, 27-39 (1st Cir. 2021)

(applying *Mathews* to due process challenges to prolonged detention under § 1226(a));

*Velasco Lopez v. Decker*, 978 F.3d 842, 851-55 (2d Cir. 2020) (same).

Petitioner alleges her "detention violates due process" under the three-part test laid

out in *Mathews v. Eldridge*.  Pet. at 6.  The *Mathews* test includes three factors: (1) "the

private interest that will be affected by the official action"; (2) "the risk of an erroneous

deprivation of such interest through the procedures used, and the probable value, if any, of

additional or substitute procedural safeguards"; and (3) "the Government's interest,

including the function involved and the fiscal and administrative burdens that the additional

or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.  All three

factors weigh in Petitioner's favor.

First, Petitioner has a strong liberty interest in being free from physical detention.

This is "the most significant liberty interest there is—the interest in being free from

---

[5] Respondents rely on *Demore v. Kim*, 538 U.S. 510 (2003) to contend Petitioner is not entitled to a bond hearing because the Supreme Court held "mandatory detention pending removal proceedings does not violate due process."  Resp. at 10-12.  The Supreme Court in *Demore*, though, did not create a blanket rule permitting detention of noncitizens without individualized review and left open the question whether prolonged detention without a bond hearing violates due process. *See Merchan-Pacheo v. Noem*, No. 25-CV-03860, 2026 WL 88526, at *4-6 (D. Colo. Jan. 12, 2026) (concluding *Demore* "created a framework that *permits* Petitioner's release" and "in no way suggests that the court should decline to consider the *Mathews* factors").

imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).  Because freedom from restraint is "at the core of the liberty interest protected by the Due Process Clause, commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (citation modified).  "Congress may make rules as to aliens that would be unacceptable if applied to citizens," *Demore*, 538 U.S. 510, 522 (2003), but that power remains subject to "important constitutional limitations," *Zadvydas*, 533 U.S. at 695.  It does not eliminate Petitioner's significant interest in being free from detention.  *See, e.g., Diaz v. Noem*, No. 26-CV-00782, 2026 WL 733587, at *3 (D. Colo. Mar. 16, 2026) (concluding the first *Mathews* factors supports finding a due process violation where petitioner "is being held in a detention facility that strongly resembles penal confinement, is away from his family, and is unable to maintain his employment" (citation modified)).  The undersigned is not persuaded by Respondents' argument that "Petitioner has the power to free [her]self," Resp. at 13, by leaving the country, especially in light of Petitioner's pending removal proceedings.

Second, the risk of erroneous deprivation is high here, considering Respondents' current position to afford Petitioner no bond hearing.  *See, e.g., Montero Cordova v. Noem*, No. 26-CV-00526, 2026 WL 867689, at *9 (D.N.M. Mar. 30, 2026) (finding the second *Mathews* factor favors petitioner because "the risk of erroneous deprivation will remain high" "without the opportunity to have the hearing to which Petitioner is entitled" under § 1226(a), and noting "a bond hearing before a neutral immigration judge will provide immense value as an additional safeguard" (citation modified)); *Orellana v. Noem*, 807 F.

10

Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest.").

Finally, the Court must consider the government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. While "control over matters of immigration is a sovereign prerogative" and the "government's interest in efficient administration of immigration laws at the border is weighty," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982) (citation modified), such interests in detaining Petitioner without procedural safeguards do not outweigh her liberty interest or risk of erroneous deprivation. *See Montero Cordova*, 2026 WL 867689, at *10 (finding though "the Government's interest in enforcing its immigration policies must be afforded considerable weight," the third factor favors petitioner because "the fiscal and administrative burdens of providing a bond hearing under § 1226(a) are minimal and do not provide adequate justification for foregoing the hearing entirely"); *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 943 (D. Colo. 2025) (comparing the "quite limited" harm to government, "because the administrative burden of a bond hearing is minimal," to the "sizeable harm posed to [petitioner] by continued—and potentially unnecessary—detention" (citation modified)).

Bond hearings "are a significant procedural safeguard to balance the Government's interest in immigration enforcement against individual liberties." *Singh v. Bondi*, No. 26-CV-0125, 2026 WL 690013, at *6 (W.D. Tex. Mar. 6, 2026). Significantly, Petitioner has had no meaningful opportunity for an immigration judge to consider whether she is a danger to society or a flight risk since her re-detention. Further, the fact Petitioner has been

11

living in the United States for more than three years with no criminal history—and was re-detained after she cooperated when ICE officials who came to her house looking for someone else—weighs in her favor. *See Ekenge v. Baltazar*, No. 26-CV-00630, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026) (finding the government's interest "not substantial" where petitioner was re-detained after being released and "any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue" (citation modified)).

Accordingly, in addition to the INA violation, Petitioner's continued detention without a bond hearing violates her due process liberty interests, and she is entitled to a prompt bond hearing before an immigration judge.

### C.  The Court should order the government to bear the burden of proof at Petitioner's bond hearing.

Petitioner further asserts "due process requires the government to provide individualized bond hearings where it must prove by clear and convincing evidence that a non-citizen is a flight risk or danger to the community." Pet. at 6 (citation modified). A noncitizen generally has the burden at a bond hearing to show her "release would not pose a danger to property or persons" and she "is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8).

As discussed above, the Court should grant habeas relief in part and grant Petitioner a bond hearing because her detention is governed by § 1226(a) and due process requires it. As for the burden of proof at a bond hearing, the Court should adopt the approach of other courts in the Tenth Circuit and nationwide and use the *Mathews* balancing test to assess "the type of process required in a given case." *Vizguerra-Ramirez v. Baltazar*, No. 25-CV-

12

00881, 2025 WL 3653158, at *13 (D. Colo. Dec. 17, 2025); *see also, e.g., Velasquez Salazar*, 806 F. Supp. 3d at 1245 (holding the *Mathews* framework supports shifting the burden at a § 1226 bond hearing to the government); *Hernandez-Lara*, 10 F.4th at 39 (holding the government bears the burden at a bond hearing after prolonged detention under § 1226(a)); *Velasco Lopez,* 978 F.3d at 854 (same). *But see Miranda v. Garland*, 34 F.4th 338, 358-65 (4th Cir. 2022) (applying *Mathews* to conclude due process does not require the government to bear the burden at a § 1226(a) bond hearing for a noncitizen whose detention is not "indefinite and potentially permanent").

Under the circumstances presented here, the undersigned concludes all three *Mathews* factors favor Petitioner and placing the burden of proof on the government at any bond hearing under § 1226(a). First, as discussed above, Petitioner has a fundamental interest in liberty and being free from official restraint. *See Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1283 (D.N.M. 2026) (finding the first *Mathews* factors weighs in favor of the government bearing the burden of proof because "being free from detention is the most elemental of liberty interests" (citation modified)). Accordingly, the first *Mathews* factor favors Petitioner.

Second, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards" also favor Petitioner. *Mathews*, 424 U.S. at 335. Notably, requiring Petitioner to bear the burden of proof creates a risk of an erroneous deprivation where Respondents re-detained her without any alleged violation of law or conditions of release. Petitioner had been released from ICE custody, lived in the country for more than three years, complied with

13

all immigration requirements, and had no criminal history. *See* Pet. at 4-5. The is particularly true where, as here, ICE was purportedly looking for a different person, Petitioner cooperated by providing identification documents, and ICE then re-detained her. *Id.* ICE's decision to change course, re-detain Petitioner, and deprive her of physical liberty without changed circumstances or reason for re-detention weighs in Petitioner's favor. *See Requejo Roman*, 816 F. Supp. 3d at 1283 (finding the "risk is even more pronounced" where petitioner had been released on bond previously and requiring the government to justify detention "reduces the risk of an ongoing and erroneous deprivation of Petitioner's liberty"); *Garcia Cortes v. Noem*, No. 25-CV-02677, 2025 WL 2652880, at *4 (D. Colo. Sep. 16, 2025) (finding "a severe risk of erroneous deprivation" based in part on respondents' "failure to identify any criminal record or conviction Petitioner has incurred").

Additionally, assigning the burden of proof to Petitioner puts her in a "difficult" position of "proving a negative," *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1183-84 (D. Colo. 2024)—specifically, proving she is neither a flight risk nor a danger to the community despite her more than three years of apparent compliance with the law and any ICE conditions. To the extent the government may contend risk factors warrant Petitioner's continued detention, the information establishing those risks is likely within the government's possession. *Accord Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4 (W.D. Okla. Feb. 20, 2026) (noting information justifying a noncitizen's re-detention would be contained in the government's own files rather than in the possession of a petitioner detained in ICE custody). Thus, requiring the government to bear the burden

14

of proof for Petitioner's continued detention helps to cure "the risk of an erroneous deprivation," *Mathews*, 424 U.S. at 335, of her liberty interests after the government's unilateral decision to re-detain her. The second *Mathews* factor favors Petitioner.

Finally, "the administrative burden of a bond hearing is minimal." *Arostegui-Maldonado*, 794 F. Supp. 3d at 943. Having determined a bond hearing must be held, any additional costs from shifting the burden of proof to the government are negligible. Placing the burden of proof on the government promotes the government's interest in "minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854. Moreover, the government has not alleged or demonstrated any changed circumstances since Petitioner's previous release in November 2022 to support her recent re-detention. *See Requejo Roman*, 816 F. Supp. 3d at 1283 (finding the third factor supports shifting the burden to the government because "the Government has not demonstrated any change in circumstances" since petitioner's prior release on bond).

In sum, all three *Mathews* factors support shifting the burden of proof at Petitioner's bond hearing to the government. The undersigned acknowledges that due process may not require this result in all cases. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (recognizing habeas corpus as "an adaptable remedy" where the "precise application and scope" can "change[] depending upon the circumstances"). But in cases like this, where Petitioner was previously released years ago and ICE re-detained her without any allegation that she violated the law or conditions of release, the burden should be shifted to the government at a bond hearing to justify her continued detention.

15

Several Judges in the Circuit have determined the proper remedy for a due process violation under similar circumstances is to require the government at a § 1226(a) hearing to bear the burden to prove a petitioner is a flight risk or danger to the community by clear and convincing evidence. *See Mieles-Parraga v. Bondi,* No. 26-CV-00646, 2026 WL 776489, at *2 (D.N.M. Mar. 19, 2026) (shifting the burden to the government to prove petitioner is a flight risk or danger to community where petitioner had previously been released on bond); *Abanil v. Baltazar*, No. 25-CV-4029, --- F. Supp. 3d ---, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (holding "the weight of authority in this District is clear: it is the Government's burden to justify a noncitizens continued detention at a bond hearing" (citation modified)); *Requejo Roman*, 816 F. Supp. 3d at 1282-84 (shifting the burden to the government to prove petitioner is a flight risk or danger to community by clear and convincing evidence where petitioner had previously been released on bond); *Vizguerra-Ramirez*, 2025 WL 3653158, at *16 (applying § 1226(a) to a similarly situated petitioner and ordering a bond hearing at which "the Government must prove by clear and convincing evidence that [he] is either a flight risk or a danger to the community in order to justify continued detention"); *L.G.*, 744 F. Supp. 3d at 1186 ("In sum, in order to continue detaining Petitioner under § 1226(a), due process requires that the Government is required to establish that continued detention is justified by clear and convincing evidence.").

In this District, Magistrate Judges have recently recommended burden shifting in circumstances like Petitioner's, though no District Judge has yet concluded the government should bear the burden at a bond hearing to justify detention. *See, e.g., Juela v. Warden,*

16

*Diamondback Corr. Facility*, No. CIV-26-501-G, Doc. 17, at 10 (W.D. Okla. Apr. 30, 2026) (R&R) (Judge Mitchell recently recommending shifting the burden to the government to justify detention by clear and convincing evidence of flight risk or danger to the community); *Ibragimov v. Mullin*, No. CIV-26-702-SLP, Doc. 17, at 11-17 (W.D. Okla. Apr. 29, 2026) (R&R) (Judge Erwin recently recommending the same); *Singh v. Grant*, No. CIV-26-88-G, Doc. 14 at 17-22 (W.D. Okla. Mar. 30, 2026) (R&R) (Judge Maxfield recently recommending the same); *see also Drozdov v. Lyons*, No. CIV-26-365-SLP, Doc. 12 at 13-19 (W.D Okla. Apr. 3, 2026) (R&R) (the undersigned recommending the same).  *But see Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach due process issues and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted); *Batista Ronda v. Figueroa*, No. CIV-26-565-J, 2026 WL 1146026, at *2 (W.D. Okla. Apr. 28, 2026) (same).

The undersigned's recommended approach is consistent with other contexts where the government must justify a person's detention by clear and convincing evidence to meet due process demands.  *See, e.g., Foucha*, 504 U.S. at 86 (confinement of "insanity acquittees who are no longer mentally ill"); *Addington v. Texas*, 441 U.S. 418, 432-33 (1979) (involuntary civil commitment proceedings to a mental hospital); *see also Santosky*

17

*v. Kramer*, 455 U.S. 745, 769-70 (1982) (requiring clear and convincing evidence for termination of parental rights); *Woodby v. Immigr. & Naturalization Serv.*, 385 U.S. 276, 286 (1966) (requiring clear and convincing evidence for deportation of a noncitizen); *Chaunt v. United States*, 364 U.S. 350, 353 (1960) (requiring clear and convincing evidence for denaturalization of an individual).

In coming to this recommendation, the undersigned has considered the burden of proof applicable to the government for pre-trial detention of a criminal defendant under the Bail Reform Act.  In that context, "the government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence."  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citation modified); *see, e.g.*, *Garcia v. Bondi*, No. 26-CV-01012, 2026 WL 835766, at *4 (D. Colo. Mar. 26, 2026) (applying burden of proof from criminal pre-trial detention to immigration habeas proceedings and "finding no persuasive justification to conclude that a noncitizen must face different standards for the same actions, depending upon the forum, i.e., an administrative charge for removal versus a criminal charge of illegal reentry" (citation modified)).  The undersigned has also considered the approach akin to Judge Mitchell's recent Reports and Recommendations, where she concluded after review of the *Mathews* factors that a similarly situated petitioner should be immediately released and not re-detained without a pre-deprivation hearing.  *See, e.g., Rodriguez-Navarrete v. Mullin*, No. CIV-26-224-SLP, Doc. 11, at 14-17 (W.D. Okla. Apr. 3, 2026) (R&R).

18

The undersigned is persuaded after a careful *Mathews* analysis to recommend the predominant view from judges in this Circuit—that a detainee like Petitioner is entitled to a § 1226(a) bond hearing where the government bears the burden of proof by clear and convincing evidence for her continued detention. Accordingly, at Petitioner's bond hearing, the government should bear the burden to prove by clear and convincing evidence that she is either a flight risk or a danger to the community to justify continued detention.[6]

## V.    Petitioner's Pending Motion

On February 23, 2026, Petitioner filed her Motion seeking to prevent Respondents from transferring her out of this District during the pendency of these proceedings. Doc. 3 at 2. Considering the recommendation in this Report and Recommendation, the Court should **DENY as moot** Petitioner's Motion.

## VI.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days at which the government bears the burden of proof or otherwise release her if she has not received a lawful bond

---

[6] To the extent Petitioner attempts to raise a due process claim related to her "severely deteriorated" health and medical conditions, Pet. at 5, the Court need not address Petitioner's claim relating as it is outside the scope of this Court's habeas review. *See, e.g.*, *Onuwa v. Field Off. Dir.*, No. 26-2403, 2026 WL 772435, at *3 (D.N.J. Mar. 19, 2026) ("Petitioner's medical claim is therefore dismissed without prejudice to Petitioner reraising his claim in an appropriate civil rights proceeding."); *Ndou v. Noem*, No. 26-CV-220, 2026 WL 686564, at *4 (D.N.M. Mar. 11, 2026) (finding an immigration habeas petitioner's "claims related to conditions of confinement are properly raised under a civil rights action, not a habeas corpus petition").

hearing within that period. The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order. Finally, the undersigned recommends the Court deny Petitioner's Motion, Doc. 3, as moot.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **May 12, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **May 15, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 5th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE